AARON M. PRETTYMAN, d. b. app't. *vs.* JOHN W. SHORT, indorsee of AARON M. PRETTYMAN, p. b. resp't.

The assignor is liable over for fraud and misrepresentation on an assignment of a note in payment of a debt, though the assignment be without recourse.

The question of fraud is closed by the judgment of a competent tribunal

The assignee is not bound, in the use of due diligence, to appeal from such judgment.

APPEAL from a justice of the peace, in an action of assumpsit.

Pro narr. on common counts and special counts for a horse, and on the assignment of a note in writing, from Edward P. Macauley to Aaron M. Prettyman, for $35 00, with interest, as a valid note, whereas, it was not due or recoverable ; which was alleged as the breach.

Pleas, 1. non assumpsit ; 2. payment ; 3. set-off ; 4. discount ; 5. accord and satisfaction ; 6. that appellant did not execute the assignment, as is alleged, &c. ; 7. that the sum of $35 was due from McCaulley to Prettyman, at the time of the assignment ; 8. that the assignment was without recourse ; 9. that there was not due diligence used in enforcing payment from McCaulley ; 10. that the respondent has not used the proper means to collect the note.

*Mr. Cullen* moved to strike out all the pleas after the fifth, as amounting to the general issue.

*The Court* ordered them stricken out, on the ground that any

evidence admissible under them was admissible under the general issue. (1 *Arch. N. P.*, 109; 49 *Law Lib.*, 83; 1 *Chit. Pl.*, 500.)

On the evidence it appeared that the assignment of the note was *without recourse;* though it also appeared that it was represented by the assignor to be good, and that it was afterwards, on an allegation of fraud before the justice, determined to be worthless.

*Mr. Cullen* contended that this made the assignee liable. He cited 1 *Story Pro. Notes*, 127, § 118; *Story on Bills*, 134, § 111; 3 *U. States Magazine*, 79; *Chitty Cont.*, 447; 2 *Johns. Rep.*, 453; 2 *Harr. Rep.*, 257; 15 *Johns. Rep.*, 475; 15 *Ibid*, 241; 9 *Johns. Rep.*, 309; 6 *Ibid*, 110; 17 *Ibid*, 340; 2 *Harr. Rep.*, 458. The judgment on the note is conclusive. (3 *Cow. Rep.*, 120; 4 *Ibid*, 559.)

*Mr. Layton, jr..*—The assignment here is special. It is in these words: "I do hereby assign over all my right, title and claim of the within note and interest to John W. Short, which he takes at his own risk and forever exonerates me; it being for value received, as witness my hand and seal this 15th December, 1849.

A. W. PRETTYMAN." [Seal.]

This is the express agreement of the parties and a full answer to this suit. The note was a genuine one; unpaid at the time; and though it was afterwards vacated on a trial before referees, in a suit between Prettyman and McCaulley, no appeal was taken, and due diligence was not used. (1 *Kinne Comp.*, 143; 2 *Harr. Rep.*, 468.) If a note be assigned without recourse, no recourse can be had, unless the assignor show it was not good. (*Chitty on Bills*, 145-6.)

2. The note was assigned before due, and the maker has no right to contest it on this ground; as against the assignee. Neither fraud nor want of consideration can be inquired into, in such case. (3 *Harr. Rep.*, 385.)

*The Chief Justice* charged:—1. That on the assignment of a note, as the price of goods, the law imposes on the assignee the use of due diligence and proper means to collect it, or the assignor will not be liable over; and in case of an assignment without recourse, there is no liability over for failure to collect the note, unless there was fraud or misrepresentation in making the assignment.

2. If this note was assigned in payment for the horse, though without recourse, the assignor would still be liable, if he fraudulently

induced the assignment by representing it to be a good note, when he knew it to have been procured by fraud and deceit.

3. That the question of the fraudulent character of the note assigned, was closed by the judgment of the justice below; and being the judgment of a court of competent jurisdiction, it cannot be questioned here.

4. That though an assignee is bound to use due diligence and proper means to recover on the instrument assigned, he is not bound after a full trial and judgment in one court having jurisdiction, to appeal to another.

5. That if this note was represented by Aaron W. Prettyman to Mr. Short, to be a good and valid one, when it was in fact fraudulently obtained by him, that the fraud made him liable to pay the price of the horse, and plaintiff ought to recover.

Verdict for plaintiff.

*Mr. Cullen*, for plaintiff.

*Messrs. Layton* and *Saulsbury*, for defendant.